IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:07CV9-1-MU

| | |
|---|---|
| CLYDE E. WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICK JACKSON, supt., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. No. 9), filed June 15, 2007.

For the reasons set forth below and in Respondent's Motion to Dismiss, Respondent's Motion to Dismiss is granted and Petitioner's Petition Under 28 U.S.C. § 2254 is dismissed.

## PROCEDURAL HISTORY

On February 24, 2000, after trial by jury, Petitioner was convicted in the Superior Court in Jackson County of one count of taking indecent liberties with a child, four counts of crimes against nature, and four counts of statutory sex offense. The presiding judge arrested judgment on the crime against nature and sentenced Petitioner to terms totaling 1076 to 1328 months imprisonment for the remaining convictions.

Petitioner noticed an appeal of right to the North Carolina Court of Appeals and in a unanimous published opinion filed October 2, 2001, the court found no error. State v. Williamson, 146 N.C. App. 325 (2001). Petitioner then filed a petition for discretionary review

in the North Carolina Supreme Court which was denied on January 31, 2002.

On January 15, 2003, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Jackson County Superior Court. On August 22 and 23, 2005, the Superior Court held a hearing on Petitioner's MAR and subsequently denied Petitioner's MAR on September 30, 2005. Petitioner then filed a Notice of Appeal and a Petition for Writ of Certiorari in the North Carolina Court of Appeals appealing the denial of his MAR. On April 26, 2006, the North Carolina Court of Appeals dismissed Petitioner's appeal and denied his certiorari petition.

On June 3, 2006, the North Carolina Court of Appeals received several volumes of documents from Petitioner entitled "Motion to Set Aside this Honorable Court's Ruling" in which Petitioner complained about his post-conviction counsel.

In addition, between June 2006 and May 2007, Petitioner made several filings in the North Carolina Supreme Court most of which sought review of prior state-court decisions in his post-conviction proceedings. On May 3, 2007, the North Carolina Supreme Court dismissed all of these filings.

On May 8, 2007, Petitioner filed the instant federal habeas petition with this Court. On June 15, 2007, Respondent filed a Motion to Dismiss asserting that Petitioner's federal habeas petition was untimely.

## **ANALYSIS**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Under AEDPA, in general, a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of

direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2).

On January 31, 2002, the North Carolina Supreme Court denied Petitioner's petition seeking discretionary review of the North Carolina Court of Appeals denial of his direct appeal. Petitioner then had ninety days in which to petition the United States Supreme Court for certiorari review. Petitioner did not seek such review and therefore his conviction became final on May 1, 2002, at the expiration of the ninety days. See 28 U.S.C. § 2244(d)(1)(A)(providing that judgment becomes final by conclusion of direct review or expiration of time for seeking direct review).

Petitioner's limitation period therefore began to run on May 2, 2002, and continued to run for approximately 259 days until Petitioner filed a Motion for Appropriate Relief (MAR) on January 16, 2003. Petitioner's limitation period was then tolled until the North Carolina Court of Appeals denied Petitioner's certiorari petition on April 26, 2006. See 28 U.S.C. § 2244(d)(2)("time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."). Petitioner's limitation period began to run again on April 27, 2006, and expired 106 days later on or about August 10, 2006. Because Petitioner did not file his federal habeas petition until May 8, 2007, his federal habeas petition is untimely.

In contrast, Petitioner's filings with the North Carolina Supreme Court seeking review of post-conviction rulings by the North Carolina Court of Appeals did not serve to toll Petitioner's limitation period. Only "properly filed" applications for post-conviction relief serve to toll the

limitation period.  See 28 U.S.C. § 2244(d)(2).  To be properly filed an application must be "in compliance with the applicable laws and rules governing filings . . . for example . . . the court and office in which it must be lodged."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Filings in the North Carolina Supreme Court seeking post-conviction review are not properly filed.  See N.C.G.S. § 7A-28(a)(2005) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise.").  Consequently, Petitioner's post-conviction, collateral filings in the North Carolina Supreme Court were not properly filed and did not serve to toll Petitioner's limitation period.

Similarly, Petitioner's document entitled "Motion to Set Aside" that he filed in the North Carolina Court of Appeals did not serve to toll AEDPA's limitation period.  The North Carolina Rules of Appellate Procedure indicate that North Carolina appellate courts will consider motions for relief that are "available under" those rules.  See  N.C. R. App. P. 37(a).  There is no rule or provision in the Appellate Rules for a motion such as the one filed by Petitioner.[1]  Indeed, it appears that the North Carolina Court of Appeals listed this document as an exhibit in the record on his appeal.  Consequently, this was not a "properly filed" motion and did not serve to toll the limitation period.

---

[1] The Court notes that to the extent Petitioner would argue that his filing was intended as a petition for rehearing such an argument would be unavailing.  As an initial matter, such petitions are not proper in criminal actions.  See N.C.R. App. P. 31(g) and N.C.G.S. § 15A-1411(b).  Moreover, even if Petitioner's MAR proceedings were considered a civil action, Petitioner's filing did not comply with the filing requirements of such a motion and therefore would not have been properly filed on that basis.  See N.C.R. App. P. 31(a)(such petition must be accompanied by a certificate of at least two attorneys, not associated with the case, who set forth that they consider the decision to be in error).

In response to Respondent's Motion to Dismiss, Petitioner asserts that all of his appeals were filed within 48 hours of receiving rulings from the state court. In addition, Petitioner asserts that Respondent failed to note that after he received the denial of his MAR he filed a <u>pro se</u> notice of appeal with the North Carolina Court of Appeals and that such filing tolled the limitation period.[2] Petitioner also complains about the services of his attorney and the filing of various records. In addition, Petitioner complains about the unlawful state court judge who presided over his MAR hearing. None of these assertions, nor any others set forth by Petitioner in response to Respondent's Motion to Dismiss, have any impact on the finding that Petitioner's federal habeas petition was untimely.

Petitioner also asserts that the limitation period under AEDPA becomes a "nonissue" when a petitioner can demonstrate that a grave injustice and a fundamental miscarriage of justice has occurred. Petitioner cites no authority to support his assertion. Indeed, the Fourth Circuit has stated that "we see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition." <u>Rouse v. Lee</u>, 339 F.3d 238, 251 (4th Cir. 2003)(en banc), <u>cert. denied</u>, 541 U.S. 905 (2004). Moreover, Petitioner sets forth no coherent argument that a fundamental miscarriage of justice has occurred.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss is **GRANTED**; and

---

[2] The Court has tolled the entire time period from the filing of Petitioner's MAR to the North Carolina Court of Appeals ruling on his appeal of the denial of his MAR. Thus Petitioner's assertion has no impact on the timeliness analysis of his federal habeas petition.

2. Petitioner's Petition Under 28 U.S.C. § 2254 is **DISMISSED as untimely**.

Signed: September 6, 2007

*Graham C. Mullen*
Graham C. Mullen
United States District Judge